THE UNITED PORTO RICAN BANK, Plaintiff and Appellant, *v.* IRENE CARATTINI DE MENDOZA ET AL., Defendants and Appellees.

No. 6251. Argued May 29, 1933.—Decided May 31, 1933.

*Walter L. Newsom, Jr., E. T. Fiddler,* and *F. González, Jr.,* for appellant. *Tous Soto & Zapater* for appellees.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

The United Porto Rican Bank brought, in the District Court of Guayama, an action of debt against Irene Carattini

de Mendoza, Fernando, Hipólito, Irene, and Ofelia Mendoza, and others, and in order to secure the effectiveness of the judgment, it attached 172 oxen belonging to the defendants. The Bank of Ponce, in the foreclosure of a mortgage constituted in its favor on 200 oxen owned by the defendants, requested the marshal of the District Court of Guayama to seize the attached cattle, claiming that the same was included in the mortgage. The marshal took possession of 152 of the oxen that had been attached, and thereupon the plaintiff, United Porto Rican Bank, applied to the District Court of Guayama for an order directed to the marshal to show cause why he should not return said oxen, and also requested a stay of the sale of said oxen at public auction, which had already been advertised by said marshal. The court issued the restraining order sought, but it subsequently annulled the same and denied the petition for injunction filed by plaintiff. The United Porto Rican Bank took an appeal from said order, and now the Bank of Ponce and the marshal, Pablo Léctora, have appeared to request that the appeal be dismissed, among other reasons, because the notice of appeal had not been served on the defendants in the case, Irene Carattini de Mendoza, Fernando, Hipólito, Irene, and Ofelia Mendoza, who as parties to the proceeding may be affected by the outcome of this controversy. The United Porto Rican Bank maintains that the defendants have no interest in this injunction proceeding within the action of debt, which refers to a dispute between two creditors and particularly to the question of the procedure to be followed in deciding the conflict.

There is no doubt that the defendants are the lawful owners of the oxen the object of the controversy between the plaintiff and the Bank of Ponce. The plaintiff maintains that the marshal had no authority to take possession of the oxen, which were in the custody of a depositary by virtue of the attachment, and denies that the Bank of Ponce has any mortgage on the attached oxen. The Bank of Ponce on the con-

trary maintains that the oxen were the same that had been mortgaged, and that the marshal had authority to act as he did. In our opinion, the defendants as lawful owners of the oxen are interested parties, and it can not be said that they will not be affected by the decision of this case. If these oxen have in fact been mortgaged to the Bank of Ponce, the defendants are entitled to have the value thereof deducted from their indebtedness and to be thenceforth relieved from the payment of interest on the amount so deducted. The United Porto Rican Bank as well as the Bank of Ponce seek to have the value of these oxen applied to the payment of certain obligations alleged to have been contracted in their favor by defendants' predecessor in interest. As long as the defendants continue to be the true owners of said property, any judicial proceeding that might be taken to deprive them of the ownership thereof, is bound to affect them directly. It is true that the dispute in this case is between two creditors concerning chattels belonging to the defendants, but this does not mean that in deciding the dispute the legal owners should be disregarded, to whom perhaps a decision one way will not be as satisfactory as a decision the other way, that is, whether the oxen should remain subject to the attachment or their value applied by the Bank of Ponce to the alleged mortgage credit.

We are of the opinion that the notice of the appeal should have been served on the defendants and that the appeal should be dismissed for failure to notify all the parties.